UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JASMINE KINNARD,                     )
                                     )
        Plaintiff,                   )
                                     )
    v.                               )          Case No. 4:26 CV 900 RWS
                                     )
HEATHER J. HAYS, et al.,             )
                                     )
        Defendants.                  )

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Jasmine Kinnard's Motion for Appointment of Counsel.  For the reasons that follow, the Court will dismiss this case without prejudice for lack of subject matter jurisdiction and deny Plaintiff's Motion as moot.

### The Complaint

This case arises out of a child custody dispute.  *See Jenkins v. Kinnard*, No. 2522-FC01889 (electronic docket available at courts.mo.gov/casenet/welcome.do) (last accessed July 9, 2026).  In her complaint, Plaintiff alleges that Defendant Demonn Jenkins abused their minor daughter three years ago and is now seeking joint custody in state court.  She names as Defendants the five individuals involved in the custody proceeding:  the presiding state court judge, Jenkins, Jenkins's attorney, the mediator, and the court-appointed guardian ad litem.  Plaintiff alleges

that although Jenkins has continued to harass and threaten her over the past three years, the other Defendants have denied her requests for orders of protection. She invokes diversity jurisdiction and asserts that she is a citizen of Missouri, that Jenkins is a citizen of Georgia, and that the remaining Defendants are citizens of Missouri. Plaintiff asks the Court to prevent Jenkins from obtaining custody and visitation rights. She has also checked the box indicating that she is seeking damages, but she does not specify the amount in controversy.

## Discussion

The federal courts are courts of limited jurisdiction, and every federal court has a special obligation to consider its own jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). The Court must therefore raise jurisdictional issues sua sponte when there is an indication that jurisdiction is lacking. *Id.* at 523 (citing *Hughes v. Patrolmen's Benevolent Ass'n*, 850 F.2d 876, 881 (2d Cir. 1988)). If the Court determines at any time that it lacks subject matter jurisdiction, the Court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

Liberally construing Plaintiff's pro se allegations, the Court finds that it lacks subject matter jurisdiction over this case. Plaintiff invokes diversity jurisdiction under 28 U.S.C. § 1332, but diversity jurisdiction requires complete diversity of citizenship among the litigants, and complete diversity does not exist

2

in this case because four Defendants are citizens of the same state as Plaintiff.  *See OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship.").  Even if the parties were completely diverse, Plaintiff has not alleged the jurisdictional amount of more than $75,000 in damages, which also defeats diversity jurisdiction.  *See Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) (explaining that diversity jurisdiction has two requirements:  complete diversity of citizenship of the adverse parties and an amount in controversy exceeding $75,000).  Further, there is no federal question on the face of the complaint, and the Court is not aware of any federal law that would be relevant to Plaintiff's allegations.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  And even if the Court had subject matter jurisdiction, the domestic relations exception would prevent the Court from granting the relief Plaintiff seeks.  *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)).  This case must therefore be dismissed for lack of subject matter jurisdiction under Rule 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without

prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of

Counsel [8] is **DENIED** as moot.

A separate Judgment will be entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this  10th  day of July, 2026.

4