UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JASMINE KINNARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:26 CV 900 RWS |
| | ) | |
| HEATHER J. HAYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This action was dismissed for lack of subject matter jurisdiction.  There was no federal question on the face of the complaint, and while self-represented Plaintiff Jasmine Kinnard invoked diversity jurisdiction, the parties were not completely diverse, and complaint did not specify the amount in controversy.  Even if diversity jurisdiction existed, the domestic relations exception would divest the Court of jurisdiction because this case arises out of a child custody dispute.

Now before me is Plaintiff's motion to reconsider the dismissal of her case. In the motion, she asserts for the first time that the state court violated her due process rights under the Fourteenth Amendment by denying her requests for relief in the custody proceedings.  But a motion for reconsideration is not the appropriate place to tender a new legal theory for the first time.  *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010).  And even if the complaint had asserted a

due process claim based on the state court's denials of relief, the claim would likely be barred by the *Rooker-Feldman*[1] doctrine because it would require this Court to review the state court's orders.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration [11] is **DENIED**.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 4th day of August, 2026.

---

[1] *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923).